## ABRAMS v. MUSGROVE.

1. A. being indebted to B., a bond for the amount was prepared at his instance, and he being unable to write, from sickness, requested C., who acted as his agent, to sign it. C. signed and sealed the bond, styling himself guardian, and authorizing judgment to be entered against himself as guardian of A. C. is a competent witness for B., in an action against A. for the debt.

2. Nor will such a bond, and judgment entered thereon, be a bar to the action, unless received in satisfaction by B.

In error from the Common Pleas of Fayette.

Assumpsit for services rendered the defendant's testator.

The plaintiff proved that she had received the following instrument, on which judgment had been entered against Jacob Johnson, guardian of G. Abrams (the defendant's testator).

"Know all men by these presents that I, Jacob Johnson, guardian of Gabriel Abrams of German township, am held and firmly bound unto Margaret Musgrove of the same place, in the just and full sum of three hundred dollars for services rendered, and I, Jacob Johnson, guardian as above mentioned, do hereby authorize and empower the prothonotary of Fayette county, to enter judgment against me as the above-mentioned guardian, for the above-mentioned sum of three hundred dollars. Witness my hand and seal this 23d day of July, 1841.

"Test:                              JACOB JOHNSON, Guardian.
"SIMON JOHNSON."

It was in evidence that Abrams was an aged man, who had been very infirm for many years, having lost the use of his hand. The plaintiff had attended him as a nurse.

The subscribing witness stated he was sent for to draw a judgment note, and when about to insert Johnson's name, or the capacity in which he acted, he was told Johnson was Abrams's guardian, to which Abrams assented, as he did also to the amount after reflection. The consideration was stated to be for services rendered by the plaintiff, and Johnson was indicated by Abrams as the person to sign the note.

J. Johnson was then called by the plaintiff, and the admission of his testimony was the first error assigned.

He stated that he could not read English, and proved that the note had been prepared at the request of Abrams, for whom he acted as agent under a written authority, that it was for the services

rendered; and he also proved the nature of the services, as did other witnesses.

The Court told the jury if they believed the testimony, and that Abrams was competent to make the contract, the plaintiff was entitled to recover.

To the defendant's points, 1. That if the bond was given and received in satisfaction, the plaintiff could not recover; the Court said:

"It is manifest that Jacob Johnson received no consideration for the note. Equity would therefore relieve him from the payment of it, unless by his conduct he has created an equity in the plaintiff which would restrain him from alleging want of consideration. This, however, is not pretended by the plaintiff, and the defendants have no right to allege it. The judgment note, therefore, never had any substance or power to extinguish or supersede the right of plaintiff to recover in this form of action against the defendants. This is not a case, whether the giving and receiving the note of a third person would amount to satisfaction, or was intended by the parties merely as a collateral security. This was intended to be the note of the testator, if the evidence is believed, but was signed by Johnson in his own name."

2. If Johnson had a written authority, and this note was given by Abrams's authority, and was given and received in satisfaction, the plaintiff could not recover.

"Independent of any written authority (the extent of which does not distinctly appear), there can be no doubt that under the verbal instructions, given at the time of the execution of the bond, Jacob Johnson had power to sign the name of Gabriel Abrams and make it his bond; but he signed his own name, which did not make it the bond of Abrams, and Johnson could avoid the payment of it, for the reasons contained in answer to the first point. It therefore could not amount to a satisfaction.

"3. That it was for plaintiff to show that this judgment note was given only as collateral security, and unless she has done so, plaintiff cannot recover.

"The note having been shown and admitted to be for the same cause of action now sued, it is the duty of the plaintiff to satisfy you of the circumstances under which that note was received.

"4. That this judgment note is good, either against Gabriel Abrams's estate as such, or against Jacob Johnson; and if either,

plaintiff cannot recover in this suit, if it was given for the same claim now in suit.

" This note or judgment is not good against Abrams's estate, nor can it be recovered from Johnson. The plaintiff has a right to treat it as a nullity."

The admission of the testimony, and the charge, were assigned for error.

*Veech*, for plaintiff in error.—The bond was executed by Johnson in his own right, the addition is merely words of description : 9 Johns. 334 ; 7 Cow. 455 ; for there are no words purporting to be an obligation by Abrams : 8 Pet. 177 ; Story on Agency, § 273 ; 11 S. & R. 128. No authority is shown for him to execute a bond for Abrams, and therefore it binds himself only : Story on Ag. §§ 264–282.

The question of consideration was immaterial, for the seal imported one, and there was no mistake of facts ; would such a defence avail if Johnson were the defendant here ? and what difference can there be because he is a mere witness ?

It was clear mistake to say the note was intended to be the testa- tor's. But, if the fact were that he was liable, what was there to prevent Johnson assuming a liability also ? 11 S. & R. 129 ; 8 Mass. 162, 207 ; 22 Wend. 257 ; 1 Har. & J. 622 ; 5 Pet. 320.

*Howell* and *Patterson*, contrà.—An agent is not liable when contracting for a known principal. Here the authority was expressly given, and the only consideration was the debt of the principal ; and all this was proved by the subscribing witness : Story Ag. § 288. And the most recent authorities support the reasonable rule that the use of the private seal will not render an agent liable, if it plainly appears he intended to contract as agent : Ib. § 277. The principal is alone liable, as on a parol contract. The cases of executors are not in point, for they cannot contract so as to bind the estate, unless already bound : Ib. § 281. Johnson would here be relieved under the circumstances. All parties were present ; and understood the contract to be simply for Abrams : 4 W. C. C. 320 : Story Eq. § 152 ; 1 Ves. Jr., 210.

COULTER, J.—Jacob Johnson was a competent witness in this suit. He was not personally liable on the note in question, although it was under seal. The testimony was clear that he signed the

instrument in the presence of, and by the direction of Abrams, who was himself stricken with palsy, and unable to rise from his bed. Abrams made the contract, fixed the sum, and when he was inquired of who should sign the note, he indicated Johnson. But he, instead of signing the name of Abrams, signed his own name as the agent of Abrams. Now, as he signed the note as agent, for work done by Musgrove, and services rendered to Abrams, and in the presence and by direction of Abrams, no principle of law makes him personally answerable. Every presumption of law must give way to facts. The general rule, to be sure, is that a deed signed by an agent and sealed with his own seal, is his deed, but there are exceptions : Hopkins v. Mehaffy, 11 S. & R. 129. The law raises a presumption that he intended to bind himself. For if it is not his deed, it is the deed of nobody. But if from the nature and terms of the instrument it appears that the party is an agent, and that he means to bind his principal, and to act for him, and not on his own account, the law will give the paper that intendment, to carry out the actual meaning of the parties, however inartificial the language may be: 11 Mass. R. 27 ; 5 Maule & Selwyn, 345 ; Paley on Agency, 378. And there is no difference on this point whether the instrument be a deed or an unsealed contract : Burrell v. Jones, 3 Barn. & Ald. 47 ; 1 Barnewall & Cresswell, 160. Now the nature and terms of the instrument here, leave no room to doubt. Johnson styles himself guardian of Abrams, and gives the note for services rendered to Abrams, and signs himself as guardian of Abrams. Abrams's estate was abundantly solvent, and his desire was to secure Mrs. Musgrove for the services she so faithfully rendered him in his helpless state, and which was to continue until his death, and did continue. Who else would she trust ? She stood beside him when they agreed on the amount due, and as he was stricken with infirmity so that he could not rise from his back when they asked him who should sign the note, he pointed to Johnson, who by ignorance or mistake signed the note as already mentioned. And now after the death of Abrams, his executors have the grace to set up the note under seal, signed by Johnson, as a satisfaction of the debt, and so requested the Court to instruct the jury. But every virtuous feeling on earth, and every principle revealed from heaven, is against the plaintiff in error, and so is the law. The Court withdrew nothing from the jury. The chancellor would have relieved Johnson under the circumstances proved, and in relation to which there was no dispute, upon the clear ground that Johnson

had no consideration, and did not, by the face of the note, intend to charge himself, and that none of the parties contemplated that Abrams or his estate should be discharged. And as the Court here is a component part of the machinery by which equity is administered, they had a right to say all they did to the jury on this head. We are of opinion that the original cause of action for the services rendered by Margaret Musgrove to Abrams, remained unimpaired by the note signed by Johnson, and that this action of assumpsit can well be maintained.

Judgment affirmed.