# Reiter *v.* Fruh et al., Appellants.

*Practice—Notice of denial of partnership or execution of note—Admissibility of evidence—Rules of court.*

An affidavit of defence denying partnership or the execution of a note in suit is sufficient compliance with rules of court, requiring notice of such matters to enable defendant to offer evidence that he was not a partner and did not sign the note: Hogg v. Orgill, 34 Pa. 344.

Where a rule of court as to notice of denial of partnership was framed in analogy to the requirements of a plea in abatement, and called on the defendants to state who were the partners, a failure to comply with the rule in this particular would prevent defendant from defeating the action by proving non-joinder or mis-joinder of other parties as partners, but would not relieve plaintiff of the burden of proving partnership.

*Plaintiff's statement—Sufficiency of averment of partnership.*

Where a rule of court requires an affidavit by plaintiff of the truth of the matters alleged as the basis of the claim, it seems that, in a suit on a partnership promissory note to charge a silent partner, the mere statement of the name of the silent partner in the caption of the case as one of the defendants is not sufficient to sustain a judgment for want of an affidavit of defence.

Argued March 30, 1892. Appeal, No. 224, Jan. T., 1892, by defendants, Granville P. Quinn et. al., sued as trading as E. & G. A. Fruh, from judgment of C. P. No. 3, Phila. Co., March T., 1891, No. 485, on a verdict for plaintiff, W. Reiter. Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and HEYDRICK, JJ.

Assumpsit on promissory note signed "E. & G. A. Fruh."

The facts appear by the opinion of the Supreme Court.

Rule I. of the rules of court was as follows:

"SEC. 1. In all actions instituted on any bill, note, bond, recognizance, deed, mortgage, assignment or other instrument of writing for the payment of money, of which a copy or a statement of the place of record authorized by the several acts of assembly, shall have been filed before or within two weeks after the return of the original process, and, in actions in which such copy or statement shall have been filed at or before the time of filing of the narr, and served therewith, it shall not be necessary for the plaintiff, at the trial, to prove the drawing, acceptance, endorsement or execution thereof, or demand, nonpayment or non-acceptance and protest and notice thereof; but the same shall be taken to be admitted, unless the defendant, or some person for him or her, by affidavit filed at or before the time of filing his or her plea, shall have denied that such bill, note, bond, recognizance, deed, mortgage, assignment or other instrument of writing was duly drawn, accepted, endorsed or executed, or that demand was duly made and payment or acceptance refused and protest duly made, and that notice thereof was duly given.

"SEC. 2. In all actions by or against partners it shall not be necessary for the plaintiff on the trial to prove the partnership, but the same shall be taken to be admitted as alleged on the record, unless one or more of the defendants, or some person for him or them, shall, at or before the filing his or their plea, file an affidavit denying the existence of the partnership in relation to the subject-matter of the action, and stating to the best of his or their knowledge and belief whether there is any such partnership and who are the parties to it."

On the trial, defendant's offers were to prove (1) that Quinn was not a partner; (2) that at the time the note was given

Quinn was not a partner and never had been; and (3) that plaintiff when he took the note did not know that Quinn was a partner, and never gave the firm any credit on the strength of his interest in it.   Offer rejected and exception.

*Errors assigned* were (1–3) rejection of evidence, quoting bills of exception.

*Henry J. Hancock*, for appellant, relied chiefly on Hogg v. Orgill, 34 Pa. 344.

*Isaac D. Yocum*, for appellee, cited Finley v. Stewart, 56 Pa. 183; Sullivan v. Johns, 5 Wh. 316; and Erwin v. Herbert, 5 W. & S. 105, as overruling or contrary to Hogg v. Orgill.

OPINION BY MR. JUSTICE MITCHELL, May 30, 1892.

The defendant Quinn's name did not appear in any way upon the note in suit, and it was therefore incumbent on plaintiff to show affirmatively Quinn's connection with it. The only way in which this was done was by naming Quinn as one of the defendants, and calling them copartners in the caption of the statement.   The statement itself contained no averment of the partnership or of Quinn's membership in it if there was one.   This is very slovenly practice, and not to be commended.   In courts whose rules require an affidavit by plaintiff of the truth of the matters alleged as the basis of the claim, such a statement might well be held bad on demurrer, and certainly not sufficient to sustain a judgment for want of an affidavit of defence.   The present case, however, had passed that stage, and we need not consider the sufficiency of the statement.   It would be good after verdict.

The rule of the court below relieves the plaintiff of the necessity of proving the execution of the note, unless the defendant, " by affidavit filed at or before the time of filing his plea, shall have denied that such note . . . . was duly executed," etc.   This, of course, means duly executed by defendant, or by his authority.   With execution by other parties he has no concern.   The defendant Quinn filed an affidavit of defence, before plea pleaded, denying that he made the note in suit, or authorized or ratified the making of it, and that he was or had been a member of the firm.   This was a full compliance with the rule by its express terms, and was so held upon a rule

identical on this point with the present, in Hogg v. Orgill, 34 Pa. 344. That case has always been regarded as settling the construction of the rule and the practice under it. See Adams v. Kehoe, 1 W. N. 232. To permit a different construction now would do injustice to parties who have relied upon the settled practice.

Nor can the exclusion of appellant's evidence be sustained upon the rule of court as to partnerships. His affidavit denied the existence of the partnership, so far as he was concerned, and that was all he was called upon to do to put plaintiff upon proof of his liability. It is true that the rule is framed in analogy to the requirements of a plea in abatement, and calls on the defendant to state who are the partners. Failing to do this, defendant cannot defeat the action by proving non-joinder or mis-joinder of other parties as partners. But the issue here was not who else were partners, but whether Quinn was or not. That fact was essential to plaintiff's recovery against Quinn, and the latter's affidavit put upon plaintiff the burden of proving it.

Judgment reversed, and venire de novo awarded.