# The Lancaster County National Bank *v.* William Henning, Surviving Partner of the Late Firm of Rhodes & Henning, Appellant.

*Practice, C. P.—Rule of court—Affidavit denying execution of note.*

Where a rule of court provides that " where the plaintiff's case is founded on an instrument in writing, and stated specifically in the pleadings or notice in writing given, the same may be given in evidence without proof of its execution, unless the opposite party shall, at least eight days before the week of the trial, file an affidavit denying such execution," a denial in the affidavit of defense is sufficient to put the plaintiff on proof of execution of the note on which the suit is founded. Hogg v. Orgill, 34 Pa. 344, followed; Reese v. Reese, 90 Pa. 89, commented on.

*Practice, C. P.—Rule of court—Affidavit denying partnership.*

Where a rule of court provides that in all actions against partners the partnership " shall be taken to be admitted as alleged on the record as prima facie proof of the same, unless one of the defendants shall, at or before the time of filing their plea, make and file an affidavit denying the existence of the partnership as alleged," etc., a denial in the affidavit of defense is sufficient to put the plaintiff on proof of the partnership: Reiter v. Fruh, 150 Pa. 625, followed.

*Construction of rules of court—Practice, S. C.*

While the Supreme Court usually accepts the construction by other courts of their own rules, yet where the rule is of quite general existence throughout the state, to permit a different construction of it from that already given by the Supreme Court would work injustice to parties relying on the settled practice.

*Partnership — Evidence — Competency of witness — Surviving partner— Promissory note.*

In an action against a surviving partner of a firm consisting of two persons, on a note signed with the firm name, the surviving partner is a competent witness to prove that the partnership had been dissolved before the date of the note, and was not in existence when it was given; that neither defendant nor the partnership received any value for the note; that the note had not been signed by defendant, or by any one authorized to sign the firm name to it; and that the other partner had borrowed for his own benefit, after the dissolution of the firm, the money for which the note was given.

Argued May 20, 1895. Appeal, No. 81, Jan. T., 1895, by defendant from judgment of C. P. Lancaster Co., June T., 1893, No. 17, on verdict for plaintiff. Before Sterrett, C. J., Williams, Mitchell, Dean and Fell, JJ. Reversed.

Assumpsit on a promissory note. Before LIVINGSTON, P. J.

At the trial it appeared that on May 16, 1893, plaintiff brought suit against defendant, the surviving partner of the late firm of Rhodes & Henning, on a note for $3,500, dated January 13, 1890, payable sixty days after date to the order of C. B. Herr, and indorsed by Herr. The note was signed " Rhodes & Henning."

Under objection and exception the court admitted the note in evidence. [1]

Defendant offered to prove by his own testimony:

1. That the partnership of Rhodes & Henning existed from 1878 to October, 1883, when its assets were all sold by the sheriff and the partnership dissolved. That during the existence of the partnership the business of the firm was carried on entirely at Lostant, Lasalle County, Illinois, and that no business was ever done between the partnership and the Lancaster County Bank or C. B. Herr.

2. That the note in suit was not signed by defendant, nor by any one else during the existence of said partnership, nor was any one authorized to sign to it the firm name of Rhodes & Henning, and that defendant had no knowledge of the said note, or of any claim against Rhodes & Henning held by the plaintiff until after the death of Charles J. Rhodes.

3. That neither the partnership nor the defendant ever received any value for said note.

4. That none of the partners were authorized to act as liquidating partners of the said late firm of Rhodes & Henning.

To which offer plaintiff objected and the court disallowed the offer. Bill sealed. [2]

The rule of court as to proof of instruments in writing was as follows:

" Section 20. In all cases where the plaintiff's cause of action or the defendant's set-off is founded in whole or in part on any bond, note or other instrument in writing, and stated specially in the pleadings or notice in writing given fifteen days before the first day of the week for which the cause is fixed for trial, the same may be given in evidence without proof of its execution, or of the handwriting of any party thereto, unless the opposite party shall at least eight days before said week file an affidavit denying such execution or handwriting; provided that

this rule shall not apply to actions by or against executors, administrators or other persons acting in a fiduciary capacity."

And as to proof of partnerships the rule of court was:

"Section 21. In all actions by or against partners it shall not be necessary on the trial to prove the partnership, but the same shall be taken to be admitted as alleged on the record as prima facie proof of the same, unless one of the defendants shall at or before the time of filing their plea make and file an affidavit denying the existence of the partnership as alleged, and stating to the best of his knowledge and belief whether there is any partnership in relation to the subject-matter of the action, and who are the parties."

The defendant offered to prove that no moneys were ever borrowed by the partnership of Rhodes & Henning during its existence from C. B. Herr, and that no firm liability of any kind was due to him by the firm; that Charles J. Rhodes, who had been a partner in the firm of Rhodes & Henning, after the dissolution of the said partnership, borrowed the money for which this note was given for his own private benefit, and signed the old firm's name fraudulently and without the authority of the defendant, and without his knowledge.

Offer overruled and bill sealed. [3]

The court gave binding instructions for plaintiff. [4]

Verdict and judgment for plaintiff for $4,461.06. Defendant appealed.

*Errors assigned* were (1–3) rulings on evidence, quoting the bill of exceptions; (4) above instructions.

*Chas. I. Landis, A. H. Fritchey* with him, for appellant.— An explicit denial of partnership in an affidavit of defense is a sufficient compliance with the rule of court to put the fact of partnership in issue by the plea of non assumpsit: Adams v. Kehoe, 1 W. N. C. 232; Davis v. Glasser, 1 W. N. C. 588.

Henning's testimony should have been admitted: Act of May 23, 1887, P. L. 158; Dixon v. McGraw Bros., 151 Pa. 98; Gerz v. Weber, 151 Pa. 396; Toomey's Est., 150 Pa. 535; Evans v. Reed, 84 P. 254.

*Geo. Nauman, William A. Atlee* with him, for appellee.— The whole question has been set at rest by the ruling of this

court in Reese v. Reese, 90 Pa. 89, in which case it was held that an affidavit of defense denying absolutely the execution of a note on which suit was brought, is not notice to put the plaintiff upon proof of execution in a case involving a similar rule of court.

The exclusion of Henning's testimony as offered was justified by the decisions of this court and the act of assembly : Brady v. Reed, 87 Pa. 111.

OPINION BY MR. JUSTICE MITCHELL, October 7, 1895 :

The cases of Hogg v. Orgill, 34 Pa. 344, and Reiter v. Fruh, 150 Pa. 623, appear to have escaped the notice of counsel as well as of the court below. In the former it was expressly held that under a rule of court substantially the same as that in the present case, a denial in the affidavit of defense was a sufficient affidavit within the rule to put plaintiff to the proof of execution of the note. And in Reiter v. Fruh, the same effect was given to the denial of partnership in the affidavit of defense, and it was said, referring also to Adams v. Kehoe, 1 Weekly Notes, 232, that Hogg v. Orgill had settled the construction of the rule, and the practice under it. While this court usually accepts the construction by other courts of their own rules, yet in the case of a rule like the one under discussion, which is of quite general existence throughout the state, to permit a different construction from that twice expressly given to it in this court would do great injustice to parties who might rely on the settled practice.

It is true that in Reese v. Reese, 90 Pa. 89, Mr. Justice TRUNKEY uses the expression that " filing an affidavit of defense is not the requisite notice to put a party to proof of execution of the writing." But that was no part of the ground of decision, and was not intended to be so taken, or indeed to be considered as of any importance, as appears from the words which follow in the same paragraph, " it would be an extreme case which would require reversal because of error in admitting a writing without preliminary proof of signature, when in a subsequent stage of the trial positive evidence was given of its execution." He then proceeds to consider the substantial questions in the case, on which finally the judgment was reversed. Hogg v. Orgill was not cited in that case, and we may certainly

conclude that if it had been the expression now relied on by appellee would not have been used.

It was error therefore to admit the note sued on in evidence without due proof of its execution, and this would include proof of the authority to make it at the time it was made.

Henning was a competent witness.   He was not within the exceptions in clause (*e*) of sec. 5 of the act of 1887, " nor where any party to a thing or contract in action is dead . . . . and his right therein has passed . . . . to a party on the record who represents his interest . . . . shall any surviving party to the thing or contract . . . . whose interest shall be adverse . . . . be a competent witness," etc.   The rights of the alleged partner, deceased, had not passed to the plaintiff.   It did not represent his interest in the note in suit, but was claiming adversely against his interest as well as against Henning.   Nor was Henning's interest adverse to that of his deceased partner, in this suit.   The note was sued on as a firm note.   Henning was called to testify that it was not made by the firm, and therefore his testimony was in exoneration of both partners, so far as the present action was concerned.   If the interest of the deceased partner should be incidentally affected by the testimony, not as a partner but by virtue of an individual act in another capacity, that would not render Henning incompetent.   The interest of the deceased would be in the question, not in the immediate result of the suit.   His representative was not party to the suit and the judgment could not operate upon his rights one way or the other: Dixon v. McGraw, 151 Pa. 98.

Judgment reversed and venire de novo awarded.