William J. Baldwin and Martha A. Baldwin, his wife, to use of Martha A. Baldwin, Appellants, v. Walter C. Stier and William Nyce.

*Evidence—Declarations—Grantor's declarations.*

A grantor's declarations made after he had parted with his title cannot defeat the title of the grantee.

Declarations of a grantor of land made thirty years before the conveyance, as to an indebtedness, are inadmissible to show an indebtedness existing at the time of the conveyance.

*Evidence—Party dead—Competency of witness.*

Where a mother has conveyed land, a daughter who is an heir at law of the mother cannot after the mother's death testify against the title conveyed by her mother.

Argued March 7, 1899. Appeal, No. 6, Jan. T., 1899, by plaintiffs, from order of C. P. Northampton Co., June T., 1895, No. 67, refusing to set aside nonsuit. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Ejectment for a tract of land in Upper Mount Bethel township. Before SCHUYLER, P. J.

At the trial it appeared that on October 19, 1889, Hannah Schmuck, the mother of Martha A. Baldwin, one of the plaintiffs, conveyed the land in dispute to Walter C. Stier, one of the defendants, for the sum of $1.00. Mrs. Baldwin alleged that at the time of the conveyance her mother was indebted to her, and at her mother's death on December 8, 1892, $847.27 was still due to her.

Mrs. Schmuck died about December 8, 1892, leaving her last will and testament, wherein she appointed Walter C. Stier her executor. A short time after Mrs. Schmuck's death, Mrs. Baldwin commenced an action upon her note in the court of common pleas of Northampton county, against Walter C. Stier, executor of Hannah Schmuck, and April 30, 1894, recovered a judgment in said action for $956.44. Upon this judgment the plaintiff caused a fi. fa. to be issued, and all the right, title and interest of Hannah Schmuck, the decedent, in the said tract of land, mentioned in the deed to Walter C. Stier, and now in dispute, was levied upon, and condemned, and subsequently sold

by the sheriff under a ven. ex. to the plaintiff in the execution, and the plaintiff in this action, Martha A. Baldwin, for $25.00, for which she afterwards received a sheriff's deed. Upon this title the above action of ejectment was brought against the defendants.

William Nyce, one of the defendants, was lessee of the premises under Mrs. Schmuck in her lifetime, and continued in possession after her death, and was in possession of the premises at the time this action was brought, as lessee under Walter C. Stier.

Martha A. Baldwin, one of the plaintiffs, offered to prove by her own testimony that the indebtedness existing during her mother's lifetime, on which she obtained this judgment, and before the conveyance to Walter Stier by Mrs. Schmuck of the real estate which her mother was then possessed of, for the purpose of showing that the conveyance to Walter Stier by Mrs. Schmuck under which the defendant claims is in fraud of her rights as a creditor.

Defendant objected to the offer as incompetent and irrelevant, and for the further reason that the witness is incompetent to testify to anything that took place during the lifetime of Hannah Schmuck.

Plaintiffs also offered at this point the deed of Hannah Schmuck to Walter C. Stier, dated October 19, 1889, consideration $1.00 and other good considerations, being the property now in controversy described in the writ of ejectment in this case.

The Court: I am quite clear, gentlemen, that this witness is not competent. I think her title is adverse to the title of Mrs. Schmuck, and that that excludes her from the witness stand. I therefore sustain the objection to her competency, and if desired, will give the plaintiffs a bill. Plaintiffs except and bill sealed. [2]

Theodore Ott, called for plaintiffs, testified: " Q. Did she (Mrs. Schmuck) speak about this money afterwards that she owed her daughter Mattie? A. Yes. Q. How often? A. Well, she wanted to borrow money of me in September, 1892."

Mr. Steele, for defendants: That is after the execution of this deed.

The Court: The deed was in 1890.

Mr. Kirkpatrick, for plaintiffs : It is connecting the two trans-actions ; the money she borrowed in 1885.

The Court : You are now offering declarations to affect the defendant's title made by the grantor after she conveyed the property. I admitted your former offer, not without some de-gree of hesitation, but I admitted it, but simply because it was a declaration of the party in possession of the property made at the time she was in possession. I am not entirely clear that that was competent, but I don't know of any general rule that goes so far as to say that a party after she has parted with her title to real estate can affect the validity of the title that she has granted by declarations made subsequent to the deed. If there are any authorities to that effect I would like to hear them, but I am very sure that the general principle cannot carry it that far. The objection is sustained and bill sealed for plaintiff. [3]

Under objection and exception the court, on motion of de-fendant's counsel, struck out the testimony of Theodore Ott as to the declarations of Mrs. Schmuck, after the date of the deed to Walter Stier. [4].

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Errors assigned* were (1) refusal to take off nonsuit ; (2–4) rulings on evidence, quoting the bill of exceptions.

*M. Kirkpatrick*, with him *W. S. Kirkpatrick*, for appellants. —The deed was fraudulent as against creditors : Sanders v. Wagonseller, 19 Pa. 248; Geiger v. Welsh, 1 Rawle, 349; Chambers v. Spencer, 5 Watts, 404 ; Kepner v. Burkhart, 5 Pa. 478.

We maintain that the appellants' interest is not adverse to the right of Mrs. Schmuck : Serfass v. Serfass, 14 Pa. C. C. R. 97 ; Van Horne v. Clark, 126 Pa. 411 ; Brown v. Carey, 149 Pa. 134 ; King v. Humphreys, 138 Pa. 310.

A voluntary conveyance, though void against creditors, is good against the grantor and all claiming under him : Murphy v. Hubert, 16 Pa. 57 ; Huey's App., 29 Pa. 219 ; Sill v. Swack-hammer, 103 Pa. 7.

Where the bona fides of a transfer is attacked by creditors, and some evidence is given to show a common design to de-

fraud, declarations of grantor after transfer are evidence : Hartman v. Diller, 62 Pa. 37 ; Confer v. McNeal, 74 Pa. 112; Crosland v. Mut. Saving Fund, 121 Pa. 65 ; Cox v. Ledward, 23 W. N. C. 382.

*H. J. Steele* and *H. S. Cavanaugh,* for appellees, were not heard, but in their printed brief said : Neglect or omission to make the heirs at law parties to the proceeding under this statute have been held fatal to the proceedings in other cases.   See Sample v. Barr, 25 Pa. 457, and Soles v. Hickman, 29 Pa. 342.

The testimony cited and relied upon by the appellants to show a subsisting indebtedness at the time of the execution and delivery of the deed to Walter C. Stier wholly fails to establish such indebtedness : Mead v. Conroe, 113 Pa. 220 ; Jones v. Lewis, 148 Pa. 234 ; Hagy v. Poike, 160 Pa. 522 ; Kimble v. Smith, 95 Pa. 69.

Mrs. Baldwin was incompetent: King v. Humphreys, 138 Pa. 310.

The declarations of a grantor subsequent to the time of conveyance are not admissible to impeach the title of a grantee : McLaughlin v. McLaughlin, 91 Pa. 462.

OPINION BY MR. JUSTICE GREEN, May 15, 1899 :

The testimony of Ott and his wife fails to prove any existing indebtedness by Mrs. Schmuck to Mrs. Baldwin at or about the date of the conveyance by Mrs. Schmuck to Stier.   The declarations of Mrs. Schmuck to the witness on that subject were made about 1863 to 1865, and the presumption of payment repeated nearly twice over, and the bar of the statute of limitations having intervened about five times, offered a sufficient reply to any allegations of indebtedness in 1889.   The offers of testimony of these two witnesses as to declarations made after 1889 were properly ruled out, and the third and fourth assignments of error are dismissed.   The declarations were made after the conveyance to Stier, and at a time when Mrs. Schmuck had no title. The indebtedness upon which the judgment was obtained by Mrs. Baldwin against her mother's executor did not originate until March 6, 1890, which was nearly six months after the deed was made to Stier.   Under all the authorities the grantor's declarations made after he has parted with his title cannot defeat

the title of the grantee. There was no evidence of any fraud in the case, and the ruling in Souder v. Schechterly, 91 Pa. 83, has no application.

It is entirely clear that Mrs. Baldwin was incompetent to testify against the title conveyed by her mother to Stier. That title had devolved upon Stier by the act of Mrs. Schmuck. Stier is a party to the record, and the thing or contract in action is the conveyance of Mrs. Schmuck to him. The right of Mrs. Schmuck to make that conveyance is the matter in controversy. Against that right, and in her own favor, the plaintiff, Mrs. Baldwin, proposes to testify, notwithstanding the death of the party to the contract and the closing of her lips as a witness. The very language of the clause *e* of section 5 of the act of 1887 applies directly to the case when it says, " or any other person whose interest shall be adverse to the said right of such deceased or lunatic party." That which is attacked is the right of Mrs. Schmuck to convey her own land to another. If the plaintiff can be a witness to defeat that right and thereby acquire for herself the property upon which the right was exercised, when the person exercising the right is dead, she can establish in herself an interest adverse to the right of the grantor to dispose of her own property at her own pleasure. The act contemplates and provides for the case where the party to a thing or contract in action is dead and, " his right thereto or therein has passed " to another who is a party to the record, and that is precisely this case. The testimony of the plaintiff is prohibited in that contingency because it is adverse " to the said right of such deceased party." In King v. Humphreys, 138 Pa. 310, the facts appear to raise the identical question presented here. Norman King was the plaintiff in an ejectment against Lillie M. Humphreys and her husband. Louis King was the former owner, and he had conveyed the title to Mrs. Humphreys, and died intestate. On the trial, Norman King, the plaintiff, offered to testify against the validity of the conveyance to Mrs. Humphreys, by giving in evidence facts occurring in the lifetime of the grantor tending to invalidate the deed. The witness was objected to on the ground of incompetency under the act of 1887, and was rejected by the court below and we sustained the decision. In Crothers v. Crothers, 149 Pa. 201, the action was ejectment to recover a tract of land which had been

conveyed by a father to one of his sons, and after his death another son brought the action, alleging that the deed was invalid. The plaintiff offered to testify in his own behalf and was rejected. Our Brother McCollum, delivering the opinion said, "It is apparent therefore that the litigation involves a transaction to which Samuel J. Crothers and his son Leman were parties, and which his son William is now seeking to invalidate. Prima facie, the interest of Samuel Crothers passed by his own formal and properly authenticated act to Leman, who is a party on the record, and whose title thus acquired is the subject of the controversy. The interest of William who is the opposite party on the record, is adverse to this title, and his contention involves a denial of the right of the deceased grantor to transmit it. Is he a competent witness to testify to facts which he alleges in avoidance of his father's deed? An answer to this question is found in King v. Humphreys, 138 Pa. 310. In that case, as in this, the plaintiff claimed title by descent from his deceased father, and his sister, the defendant, claimed under a deed from him. It was alleged there, as it is here, that at the time of the execution of the deed the grantor had not sufficient mental capacity to make it, and that the grantee obtained it from him by fraud and undue influence. It was held that the plaintiff was not a competent witness to matters on which he relied to set aside the deed." In Van Horne v. Clark, 126 Pa. 411, cited for the appellant, the witness was offered in support of the disputed title, and not against it, and therefore did not come within the prohibition of the act. The facts in Brown v. Carey, 149 Pa. 134, have no analogy with the facts in the present case, and do not raise the same question. The assignments of error are all dismissed.

    Judgment affirmed.