# Waugaman *v.* Henry, Appellant.

*Appeals—Motion to quash—Certification of record by court— Transcript of testimony—Certificate by official stenographer.*

Where the judge who presided at the trial of a case has retired, a certificate to the record on appeal, by his successor in office is sufficient.

The court never dies nor resigns, although its officers may; and its duties are neither satisfied nor extinguished by a change of its functionaries. The departing judges' unperformed duties devolve upon the successors.

In the event of the death of the official stenographer who took the notes of testimony at the trial of the case, his successor in office who is able to translate his notes may make an official copy of the testimony, and his certificate that the transcript is a correct translation of the notes of the deceased stenographer is sufficient.

A motion to quash an appeal, which merely complained that the transcript had not been made and certified to by the official stenographer who took the notes at the trial, and approved by the trial judge, is without merit, where there is nothing to show that any material mistake or omission had been made in the transcript of the evidence and proceedings.

*Witnesses—Surviving party to contract—Adverse testimony— Competency—Act of May 25, 1887, P. L. 158.*

In an action to recover from a son, on certain promissory notes made by his deceased father, on the theory that the son had undertaken to pay the debts of his father, as part consideration for the

sale of a farm, evidence of certain statements relative to the assumption of the debts, which the defendant was alleged to have made, was inadmissible, when such testimony was to the effect that the defendant had made these statements to the witness about six months prior to the conveyance of the property, and not in the presence of his father, and there was no attempt to connect it with the final negotiations between the defendant and his father, which resulted in the transfer of the title.

In such action, it was reversible error not to allow the defendant to prove the consideration for the sale of the property and that it had been paid in full. The defendant was not incompetent to testify as to the negotiations between himself and his father, because of the latter's death.

Since the passage of the Act of 1887, P. L. 158, competency is the rule; incompetency is the exception. By clause (e) of section 5 of the act, the disqualification is made to depend not only on the fact of the witness being a surviving or remaining party to the thing or contract in action, but on the fact of his having an interest adverse to the right of the deceased party, which right has passed by his own act or the act of the law to a party on the record who represents his interests in the subject in controversy. The rights of the deceased parent had not passed to the plaintiff and the plaintiff did not represent his interests in the claim in suit but was claiming adversely to his interest as well as against that of the defendant. The defendant was called to testify that he had not contracted to pay money to the plaintiff. His interest was not adverse to the interest of the deceased so far as the suit was concerned, and he was clearly competent to testify as to the matters in question.

*Practice, C. P.—Judgment non obstante veredicto—Written request—Act of April 22, 1905, P. L. 286.*

The right to move for judgment non obstante veredicto upon the whole record is given by that statute only to a party who has presented a written request for binding instructions which has been reserved or refused. An oral request does not meet the requirements of the act.

Argued April 18, 1920. Appeal, No. 32, April T., 1917, by defendant, from judgment of C. P. Indiana County, March T., 1913, No. 280, on verdict for plaintiff in the case of C. C. Waugaman v. Samuel L. Henry. Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Assumpsit on promissory notes. Before TELFORD, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $101.30 and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence, charge of the court, and refusal of defendant's motion for judgment non obstante veredicto.

The appellee filed a motion to quash the appeal for reasons referred to in the opinion of the Superior Court.

*E. Walker Smith,* and with him *S. L. Henry,* for appellant.—Defendant was competent to testify as to the contract between himself and J. J. Henry, the deceased grantor: Royer v. Ephrata Boro., 171 Pa. 435; Carpenter v. U. S. Life, 161 Pa. 9; Danner v. Hess, 12 D. R. 246; Allen's Est., 207 Pa. 325; Strauss v. Braunreuter, 4 Pa. Superior Ct. 263; Bank v. Henning, 171 Pa. 403; Weaver v. Roth, 105 Pa. 408.

There was no right of action by the plaintiff in his own name against the defendant: Sweeney v. Houston, 243 Pa. 546; Blymire v. Boistle, 6 Watts 182; Morrison v. Beckey, 6 Watts 349; Guthrie v. Kerr, 85 Pa. 308.

The certificates by the court and official stenographer were sufficient: Walter v. Sun Fire Office, 165 Pa., p. 385; McCandless v. McWha, 20 Pa. 183.

*S. M. Jack,* for appellee.—The appeal must be quashed because of the absence of the certificates by the judge who tried the case, and the stenographer who took the notes at the trial: Woodward v. Allen, 190 Pa. 161; Connell v. O'Neil, 154 Pa. 582; Com. v. Arnold, 161 Pa. 320; Pool & Son v. White, 171 Pa. 500; Warner v. Lehigh Valley R. R. Co., 39 Pa. Superior Ct. 282; McCandless v. McWha, 20 Pa. 183.

OPINION BY PORTER, J., October 11, 1920:

The appellee moves to quash this appeal upon two grounds: First, That the record is not certified by the judge who presided at the trial in the court below. Second, That the transcript of the testimony and proceedings at the trial are not certified by the official stenographer who took the notes of the proceedings at the trial. The case was tried and the verdict of the jury rendered on September 4, 1913. The appellant had, before the verdict, excepted to the charge and refusal to affirm the defendant's points and requested that the testimony and charge be written out and filed of record. The court so ordered and allowed the exceptions. The day after the verdict was rendered the defendant moved the court to have the evidence certified and filed so as to become a part of the record, and moved the court for judgment non obstante veredicto upon the whole record, under the provisions of the Act of April 22, 1905. The court did not dispose of this motion for judgment non obstante veredicto for over two years, and shortly after it did so the judge retired from office. "The court never dies nor resigns, though its officers may; and its duties are neither satisfied nor extinguished by a change of its functionaries. The departing judges' unperformed duties devolve upon the successors": McCandless v. McWha, 20 Pa. 184. The judge whose term of office had expired could not subsequently perform any function of the court: His successor, in exercising the duty which devolved upon him in this case was vested with discretion as to the mode of proceeding, as in the ordinary cases of amendments. The judge who certified this record proceeded in a careful manner to ascertain whether it accurately recited the proceedings at the trial, and, it not being even suggested that it is not a true and complete record, we are of opinion that his certificate should stand. The defendant in this case was in no default. He had promptly and repeatedly moved the court to have the evidence certified and filed so as to be-

come part of the record.   Even after the trial judge had overruled the motion for judgment non obstante veredicto the plaintiff did not take judgment until after the judge's term of office had expired, and the stenographer who had taken the notes of testimony at the trial was dead.   The court appointed another person, who could read the notes of the deceased stenographer, the official stenographer of the court.   The official stenographer, thus subsequently appointed, transcribed the notes of her deceased predecessor and certified that transcript to be a correct translation of the notes of the deceased stenographer.   Notice of the filing of this transcript was duly given to the plaintiff, who filed objections thereto, but those objections merely complained that the transcript had not been made and certified by the official stenographer who took the notes at the trial.   The court proceeded to dispose of these objections in the manner contemplated by section 4 of the Act of May 11, 1911, P. L. 280.   The testimony of the official stenographer who transcribed the notes and that of other witnesses, including such as the plaintiff saw fit to call, being heard, and there being nothing in the testimony which tended to show that there was any material mistake or omission in the transcript of the evidence and proceedings, the learned judge approved the transcript.   It was clearly intimated by the Supreme Court in Walter v. Sun Fire Office, 165 Pa. 385, that this was, in such circumstances, entirely proper.   "The object of the trial of causes is to administer justice.   Technicalities, inaccuracies, omissions, and rules of practice ought to be so relieved against, when it is at all practicable, as to enable the courts to dispose of causes on their merits": Waln v. Beaver, 161 Pa. 610.   We are of opinion that the motion to quash the appeal should not prevail.

The plaintiff seeks to recover from this defendant a debt which he alleges was owing to him by the father of the defendant, who died in September, 1910.   The ground upon which the plaintiff bases his right to re-

cover of this defendant is, that J. J. Henry, the father of the defendant, conveyed to the defendant by deed dated September 8, 1909, a farm, the consideration mentioned in the deed being $2,500. The plaintiff produced oral evidence which it is contended was sufficient to warrant a finding that the consideration for the conveyance of the farm to the defendant by his father was the promise of the defendant to pay the debts of the father. The evidence that there was any such contract between the defendant and his father was exceedingly meagre, consisting of the testimony of the plaintiff and that of Charles E. Henry, a brother of the defendant. The testimony of Charles E. Henry was to the effect that, in the spring of 1909, he had a conversation with the defendant in which he had told the defendant that he (Charles) was to take over the farm and pay the father's debts; that the defendant said that he wanted to take it himself. This conversation must have occurred about half a year before the father conveyed the farm to the defendant. The conversation between the brothers did not occur in the presence of the father. It did not tend to establish that the defendant was then even negotiating with the father. It was wholly incompetent in any inquiry as to what the contract between the father and this defendant was which resulted in the conveyance of the farm half a year later. There was no attempt made to connect it by other evidence with the negotiations between the defendant and his father. The motion of the defendant to strike out the testimony of this witness ought to have prevailed: Howell v. Mellon, 169 Pa. 163. The first specification of error is sustained.

The defendant was called to testify in his own behalf and an offer made to prove by him that the consideration for the farm was $2,500, as recited in the deed, and that the $2,500 was to be applied to the debts of the grantor, J. J. Henry, and whatever balance was left after paying the debts was to be turned over to the said J. J. Henry; and that the consideration money was paid in full under

the direction of the said J. J. Henry and by him applied to the payment of his debts. The court sustained an objection to this offer, upon the ground that the defendant was incompetent to testify as to the negotiations between himself and his father, the latter being dead. Since the passage of the Act of 1887, P. L. 158, competency is the rule; incompetency the exception. The deceased was not a party to this action, nor were his legal representatives. The only exceptions to the competency of the witness which we are here called upon to consider are those contained in clauses (c and e) of section 5 of the Act of May 25, 1887. By clause (e) the disqualification is made to depend not only on the fact of the witness being a surviving or remaining party, to the thing or contract in action, but on the fact of his having an interest adverse to the right of the deceased party, which right has passed by his own act or the act of the law to a party on the record who represents his interest in the subject in controversy. The rights of J. J. Henry, deceased, had not passed to this plaintiff. The plaintiff did not represent his interest in the claim in suit, but was claiming adversely to his interest as well as against that of this defendant. The defendant was called to testify that he had not contracted to pay money to this plaintiff; his interest was not adverse to the interest of the deceased, so far as this suit was concerned. The estate of the deceased might be interested in the question being tried, but not in the immediate result of the suit. The defendant was clearly competent to testify as to the matters in question: Weaver v. Roth, 105 Pa. 408; Bank v. Henning, 171 Pa. 403; Strause v. Braunreuter, 4 Pa. Superior Ct. 263; Royer v. Ephrata Boro., 171 Pa. 435. The second specification of error is sustained.

The specification which assigns for error the refusal of the court to enter judgment in favor of the defendant non obstante veredicto cannot be sustained. No question of law was by the court reserved, but the appellant seeks to found his right to have a judgment entered in

his favor upon the provisions of the Act of April 22, 1905, P. L. 286. The right to move for judgment non obstante veredicto upon the whole record is given by that statute only to a party who has presented a written request for binding instructions which has been reserved or refused; an oral request does not meet the requirements of the act: Reichner v. Reichner, 237 Pa. 540; Hanick v. Leader, 243 Pa. 372; Butler Boro. School District v. Penn Township School District, 64 Pa. Superior Ct. 208. The record discloses that the appellant did not "draw up in writing and hand to the court" a point requesting binding instructions, and the court, for that reason, could not "reduce the answer to the point to writing and read it to the jury" as provided by the Act of March 24, 1877, P. L. 38. The motion of the defendant for judgment in his favor can find no support in the Act of 1905 and the assignment of error which goes to the refusal of that motion is overruled.

The judgment is reversed and a venire facias de novo awarded.