Hart, Schaffner & Marx v. Koch, Appellant.

Argued November 15, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Thomas H. Armstrong,* for appellant.

*Louis J. Wiesen,* and with him *Roy Neville,* for appellee.

OPINION BY BALDRIGE, J., January 25, 1933:

This bill in equity was filed to annul the conveyance of two properties from a husband to his wife, without fair consideration, for the purpose of defrauding creditors, at a time when the property remaining in grantor's hands was insufficient to pay his debts. The chancellor found for the plaintiff, and his findings of fact and conclusions of law were sustained by the court sitting in banc. Our duty is to determine whether there was sufficient competent evidence to support the decree entered.

P. J. Koch, through an intermediary, on July 17, 1923, conveyed to his wife, for the consideration of $2, a piece of land that he acquired from Mary Lee et al., by deed, dated April 5, 1919, located in the city of Sharon, Mercer County, and known as lots 3 and 18 in the Charles S. Flowers "Woodrow Court" Plan of Lots, and property acquired from the Farrell Realty Company on April 6, 1921, located on the southwest corner of Haywood Street and Lee Avenue, in the borough of Farrell, Mercer County.

The defendant's answer alleges that she had originally purchased the real estate so conveyed with her own funds, and that the placing of the legal title in her husband was due to error, accident and mistake. She complains, in her first assignment of error, of the finding that P. J. Koch was insolvent at the time he transferred the property.

The Uniform Fraudulent Conveyance Act of May 21, 1921, P. L. 1045, No. 379, §1 (39 PS §351), provides that a "creditor" is a person having any claim, whether absolute, fixed or contingent. Under §2 (39 PS §352), a person is insolvent when the present, fair, salable value of his assets is less than the amount that will be required to pay his probable liability on

his existing debts as they become absolute and matured. Section 4 (39 PS §354) provides that every conveyance is fraudulent as to creditors, if the conveyance is made without a fair consideration. Under §7 (39 PS §357), every conveyance made with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors.

P. J. Koch was engaged in the plumbing business, and was the owner of the legal title to the property in Farrell, which was devoted to business purposes. He guaranteed, by writing, the payment of indebtedness, incurred by Strizzi and Wise, tenants, to certain wholesale creditors. During 1923, these tenants became delinquent in substantial amounts in their accounts and they subsequently went into bankruptcy. The court below found that the conveyance was made without fair consideration, and that the grantor was solvent on July 17, 1923, the date of the conveyance to his wife, and that he was indebted as follows:

"Colonial Trust Company ..............$ 1440.80
B. Kuppenheimer & Co. ................ 1200.00
Michaels, Stern & Co. .................. 1074.11
Hart, Schaffner & Marx ............... 701.17
B. Kuppenheimer & Co. paid in Oct. 1923 1300.00
Michaels, Stern & Co. afterwards paid by
  Strizzi & Wise .................... 231.83

Total ............................. $5947.91"

The appellant contends that the indebtedness on the date of the conveyance amounted to but $4,253.39, as $1,300 of the amount of indebtedness found by the court was voluntarily paid by Koch in October, and that $231.83 was collected by Michaels, Stern & Company from the bankrupt estate of the tenants. These payments did not reduce his "probable liability" or "contingent indebtedness," as of July 17, 1923, which

is the date that governs us in determining the question of his financial status.

Nor does the allegation, that included in the indebtedness are some items, which are comparatively small, representing purchases made after July 17, 1923, when Koch had notified the creditors of Strizzi and Wise that he desired to cancel his contract of guaranty, affect the situation, as judgments were obtained by these creditors for the amounts found due by the court; and they are conclusive.

The appellant takes the position that Koch was solvent at the time he made the conveyance, as the aggregate amount of his property, at a fair value, was sufficient to pay his creditors: Cherry v. Union National Bank, 87 Pa. Superior Ct. 114. There was evidence that before July 17, 1923, Koch had sold his business for $4,200, which, after paying an indebtedness of $900, left him $3,300; but there was no proof showing what he did with the money, or that it was available to pay his debts when the transfer was made. The appellant testified that her husband collected, on his book accounts, $5,000 after July 17, 1923. The court accepted her statements, and found that the uncollected accounts were worth an additional $500. There was testimony upon the part of the appellant that Koch had an equitable interest in what is known as the Ullom property, which was worth $1,000. This interest was subsequently sold at an orphans' court sale for $100, which the court found was the value of Koch's interest therein, making his total assets $5,600. This amount was insufficient to pay the entire amount of the creditors' claims.

The appellant further contends that the land, when purchased, was unimproved; that the buildings were constructed by her with her individual funds; that, therefore, the consideration was sufficient, and the conveyance was made to her as a creditor in good faith, regardless of the alleged insolvency: Peoples Sav-

ings & Dime Bank & Trust Co., v. Scott et al., 303 Pa. 294, 154 A. 489.

The court found on sufficient evidence that the appellant did not have an individual estate during her entire marital life of more than $1,300. The business block in the borough of Farrell cost between $30,000 and $31,000. The written contract for its construction was made by her husband and it was he alone who executed the leases and collected the rents, which were deposited in the bank in his individual account. He paid no rent for the portion of the building he occupied and generally exercised exclusive ownership over the property. The appellant stated that she obtained the money to pay for the erection of the building through the sale of another property, from which she derived $25,000, which was deposited in the joint account of her husband and herself. Her recollection was defective as it was shown that the account was in the name of her husband alone. There was ample testimony to support the court's findings that it was not the wife's money that purchased the land or paid for the improvements.

The appellant complains of the admission of the testimony of J. G. Marshall, an officer of the Colonial Trust Company. The objection is as follows: "We enter our objection to testimony of any conversation with Mr. Koch, who is now deceased." The objection was not specific, but the court concluded, and we will assume, that the appellant was invoking clause (e), section 5, of the Act of May 23, 1887, P. L. 158 (28 PS §322), which provides, inter alia, that where any party to a thing or contract in action is dead and his right thereto or therein has passed to a party on the record, who represents his interest in the subject in the controversy, no surviving or remaining party to such thing or contract, nor any person whose interest shall be adverse to the right of such deceased, shall be a competent witness to any matter occurring before the

death of said party. The burden was on the appellant to show the incompetency of the witness, as competency is the rule, and incompetency the exception: Waugaman v. Henry, 75 Pa. Superior Ct. 94. The state of the record before us does not show that the witness was a surviving remaining party to the conveyance of the property, or that his interest was adverse to the right of the deceased. The only information that appears in the record is that the witness was "an officer of the Colonial Trust Company," and that it was a creditor of Koch, who died about a year and a half after the conveyance. The Colonial Trust Company was not a party to this suit. It may have been interested in the question being tried, but it had no vested interest in the result of the suit, and the judgment in the cause would not operate upon its right. Hence, neither it, nor its officer Marshall, could be said to be an interested party within the Act of 1887: Lancaster County National Bank v. Henning, 171 Pa. 399, 33 A. 335; Strause v. Braunreuter, 4 Pa. Superior Ct. 263. See numerous cases cited in 28 PS §322, paragraph 6.

In Dillon's Est., 269 Pa. 234, 240, 111 A. 119, where competency of a witness was questioned, the Supreme Court said: "She had no certain interest in the result of the litigation and the bare possibility that an action might be brought is no objection to competency. There should be a fixed vested interest, a remote or contingent interest will not answer. 'It must be an interest that the judgment in the cause would operate upon, for if by the event he would neither acquire nor lose a right, nor incur a responsibility, which the law recognizes, he is competent. Every other kind of interest goes to credibility:' Wolfe v. Carothers, 3 S. & R. 240; Hatch v. Bartle, 45 Pa. 166; Dickson v. McGraw Bros., 151 Pa. 98; Abrams v. Musgrove, 12 Pa. 292; Spotts' Est., 156 Pa. 281; Sargeant v. Insurance Co., 189 Pa. 341." See also Metcalf v. Buck, 36 Pa. Su-

perior Ct. 58, 66; Gill's Est., 268 Pa. 500, 503, 112 A. 80.

Furthermore, the appellant is not representing or relying on her husband's rights in the subject-matter in controversy. Under her contention, she was the real owner; the husband never had any interest in this property. She is standing on her own rights or interest: Hamill v. Supreme Council, 152 Pa. 537, 542, 25 A. 645.

Nor is the rule, recognized in Jarvis, Trustee, v. Bell, 296 Pa. 568, 576, 146 A. 153, that a "grant cannot be nullified by the subsequent declarations of the grantor," apposite. It applies where there is a bona fide purchase for a fair consideration. As the appellant's title was acquired from her husband for a nominal consideration, there is presumptive fraud against creditors, as, when the bona fides of the transaction is assailed by creditors on the ground of fraud, subsequent declarations of the grantor are admissible: Souder v. Schechterly, 91 Pa. 83, 87. A great latitude is always allowed in the admission of evidence where fraud is alleged: Schnurman v. Hillegas, 276 Pa. 556, 562, 120 A. 549; Miller v. Central Trust & Savings Co., 285 Pa. 472, 482, 132 A. 579.

We find no reason to disturb the conclusion reached by the learned court below.

Appeal is dismissed at the cost of the appellant.