## Joseph M. Shenk v. Anna Hacker and Emerick L. Hacker, Appellants.

*Rules of court—Interpretation by the court itself.*

As a general rule the construction of their own rules by the lower courts will be accepted by the appellate court.

*Judgment by default—Rule to open—Rule of court.*

A rule of court provided that judgment entered for want of an appearance may be opened within the same term on application supported by affidavit of a just and legal defense to the demand of the plaintiff. The defendant setting forth by petition that default to a sci. fa. sur mortgage was due to illness, and that she had a just and legal defense, the court granted a rule, which, upon depositions taken it discharged, the testimony not establishing fraud, duress or mistake. The defendant claimed that under the rule of court he had the right to have the judgment opened on his bare petition and affidavit.

Argued Nov. 12, 1896. Appeal, No. 83, Nov. T., 1896, by defendants, from order of C. P. Lancaster Co., Oct. T., 1895, No. 78, discharging rule to open judgment. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Rule to open judgment for want of appearance.

Judgment was entered in favor of plaintiff and against defendants on a fi. fa. sur mortgage for $438.48. The court subsequently granted a rule to show cause why judgment should not be opened, which it afterwards upon hearing depositions discharged.

The practice was governed by rule of court of Lancaster county which is set out in the opinion of the Superior Court.

Defendants appealed.

*Errors assigned* were, (1–3) refusing to open the judgment.

*Wm. R. Wilson,* for appellants.—Under the rule of court the defendants had an absolute right to have the judgment opened upon compliance with the rule of court. It is contended, moreover, that the defendants had a good defense on the merits as disclosed by the petition and deposition. The case at bar is stronger than Schrader v. Decker, 9 Pa. 14; Cridge v. Hare, 98 Pa. 561; Furniture Co. v. School District, 130 Pa. 94.

But a written agreement may be modified, explained, reformed, or altogether set aside by parol evidence of an oral promise, or undertaking, material to the subject-matter of the contract, made by one of the parties, at the time of the execution of the writing, and which induced the other to put his name to it: Walker v. Frame, 112 Pa. 203; Cullmans v. Lindsay, 114 Pa. 170; Ferguson v. Rafferty, 128 Pa. 337.

*Thomas H. Capp* and *A. J. Eberly*, with them *Wm. J. Eberly*, for appellee.— That a wife may mortgage her estate for her husband's benefit, or to secure her husband's existing debts and future indebtedness is no longer an open question in Pennsylvania: Haffey v. Carey, 73 Pa. 431; Cridge v. Hare, 98 Pa. 561; Oppenheimer v. Wright, 106 Pa. 569; Du Bois Deposit Bank v. Kuntz, 175 Pa. 432.

The evidence is not contradicted as to the fact that Mrs. Hacker knew exactly what she was doing, and therefore there was nothing in this case which entitled it to go to a jury: Oppenheimer y. Wright, 106 Pa. 569; Heilman v. Kroh, 155 Pa. 1; Bank v. Kuntz, 175 Pa. 432.    As to construction of rules of court, see Bank v. Henning, 171 Pa. 399.

OPINION BY REEDER, J., January 18, 1897 :

· The only question raised by these assignments of error is the construction of the rule of court adopted in Lancaster county, which provides that, where judgment has been entered for want of an appearance, "such judgment may be opened within the same term on application supported by an affidavit of a just and legal defense to the demand of the plaintiff."

Judgment was entered in this case for want of an appearance to a writ of scire facias upon what was considered by the court below, and treated by the parties, as a mortgage for the purpose of securing a sum of money loaned to Emerick L. Hacker, the husband of Anna Hacker, upon real estate owned by Anna Hacker.

The petition sets forth that her default was due to the fact that she was sick in bed, and that she has a just and legal defense to the demand of the plaintiff.

Upon this petition the court granted a rule to show cause why the judgment should not be opened and the defendants let into their defense.    Depositions were taken upon this rule,

which were submitted to the court at the time of the return, and the court discharged the rule because " the defendants had failed to set forth a just and legal defense to the present action, as required by the rules of court."

The appellants in this case claim that, under the proper interpretation of the rule of court, they were entitled to have the judgment opened and to be let into their appearance, upon an ex parte statement that they had a true, just and legal defense, without setting forth, either in their petition, or in affidavits, or in depositions, what that defense constituted.

We do not think that this is a proper interpretation of the rule of court. As a general rule, the construction of their own rules by other courts will be accepted: Bank v. Henning, 171 Pa. 399.

In this case, however, even though we should refuse to accept the court's interpretation of its own rule, and should interpret the rule for ourselves, our interpretation of the rule would be in accord with that of the court below. A proper construction of this rule of court requires not only that the petitioners should assert that they had a true, full and just defense to the plaintiff's action, but should satisfy the court of the fact that they had such defense. In all other courts in the state with which we are familiar, where such rules exist, that has always been, so far as our knowledge and observation goes, the interpretation put upon such rule by the courts. And the reason of it is obvious. It would be useless to postpone execution of process where judgment has been entered by default unless it would serve some good purpose in opening the judgment and permitting the defendant to enter an appearance. Such good purpose would not be served unless the court was satisfied that, if the judgment were opened and entry of appearance permitted, the defendant would be able to assert some defense which would avail him in defeating the action, if he could properly support it with proof.

We think that, in the interpretation of this rule, the court went further than the appellants were entitled to have them go. The court could properly have refused to enter a rule to show cause why the judgment should not be opened, because the petition did not itself set forth a just and legal defense to the action; but, having accepted and considered the depositions

taken in support of the rule, the court very properly left the judgment undisturbed and discharged the rule.

The testimony taken in support of the appellant's petition was entirely inadequate to support the rule asked for. It does not establish duress, fraud, misrepresentation or mistake. At most, it shows that at the time Anna Hacker signed the instrument upon which this writ was issued, she declared in the presence of the notary, that she signed the paper on condition that her husband would pay it and not herself; that she signed it, without any coercion or compulsion upon the part of her husband, as is set forth in the acknowledgment, the written instrument, that she had been sick with typhoid fever for six months and was not strong in mind or body at the time she executed it, although she "was better." This testimony, it is clearly apparent, is insufficient to move the discretion of the court in this matter. She simply allowed herself to be persuaded, upon her husband's promise to pay the debt, to give this security for it.

We see no error in the action of the court below in discharging this rule. The judgment is, therefore, affirmed.