## Cather v. Hess.

*Practice—Judgment for want of appearance—Irregularity in summons.*

1. Judgment for want of an appearance cannot be sustained where the summons in a suit by "W. E. Cather" directs defendant to appear and answer "W. E. Carter."

*Statement of claim—Affidavit by attorney—Non-residence of plaintiff.*

2. Such judgment will be stricken off where the affidavit to the statement of claim was taken by the attorney for plaintiff without averment that he had knowledge of the facts, and merely stating he made the affidavit because his client resided beyond the jurisdiction of the court.

Rule to open judgment entered for want of appearance.  C. P. Fulton Co., Jan. T., 1927, No. 14.

*John R. Jackson*, for rule; *John P. Sipes*, contra.

McPHERSON, P. J., March 21, 1927.—Suit was instituted in the Court of Common Pleas of Fulton County by W. E. Cather against Retta Hess on Oct. 19, 1926, and on Oct. 19, 1926, a summons was issued, in response to the præcipe filed in the above-entitled action, which, on its face, directed the sheriff to summon Retta Hess to appear, on the first Monday of November next, to answer W. E. Carter in a plea of *assumpsit*.  A return of this summons was filed on Oct. 21, 1926, by J. Minnick Mellott, Sheriff, wherein he certified that he had served the writ upon Retta Hess personally by reading the summons to her and leaving a true and attested copy thereof with her, together with a copy of the plaintiff's statement of claim.  The statement of claim filed in said action was filed Oct. 19, 1926.  On Nov. 3, 1926, on motion of the plaintiff's attorney, judgment was entered by the prothonotary in favor of W. E. Cather, and against Retta Hess, for want of an appearance by the defendant, in the sum of $3228.49, with interest thereon from Nov. 2, 1926.

On Nov. 6th, a rule was awarded on petition of the defendant directed to W. E. Cather, the plaintiff, to show cause why judgment entered against the defendant, Retta Hess, for want of an appearance should not be opened and the defendant let into a defence.  To this rule an answer was filed Nov. 17, 1926.

The questions raised by the petition and answer:

1. Whether, in view of the summons directing the defendant to appear and answer W. E. Carter in a plea of *assumpsit*, there is not such a defect at the inception of the action as would prevent judgment for want of an appearance.

2. Whether the affidavit to the statement of claim filed by the plaintiff is not so defective as to warrant an opening of the judgment.

3. Whether or not there is such a defence to the merits of the claim as would induce the court to open the judgment and let the defendant into a defence.

The Practice Act of May 14, 1915, P. L. 483, does not provide for the taking of judgment for want of an appearance. The judgment taken is based upon the Act of June 13, 1836, P. L. 568, and is provided largely as a penalty in contempt of court, based on the failure of the defendant to comply with the mandate of the summons, wherein the defendant is directed to appear on a day certain. One of the conditions for the entry of such a judgment, according to the Act of 1836, is that a declaration must have been filed before the return-day of the writ. Under the Practice Act of May 25, 1887, P. L. 271, it was provided that "the declaration" of the plaintiff in an action of assumpsit should consist of "a concise statement" of the plaintiff's demand in terms described by the act of assembly. Under the Act of 1887, it has been held that a declaration being provided for in the form of a statement, the failure of the Act of 1887 to provide for judgment for want of an appearance did not prevent the entry of such judgment under the Act of 1836. The Practice Act of 1915 makes no reference to the declaration required to be filed by the plaintiff in a suit, but provided that the pleadings shall consist of the plaintiff's statement of claim, the defendant's affidavit of defence, and, where a set-off or counter-claim has been set up, the plaintiff's reply thereto. Because the Act of 1915, which now regulates practice, does not require the filing of a declaration, it is urged that under the Act of 1836 no judgment for want of an appearance can be taken, as the condition prerequisite to such a judgment does not exist and that the plaintiff should have filed a declaration. In view of the disposition made of the case, it is not necessary to pass upon the question.

From the decisions, it appears that a judgment for want of an appearance can be set aside either for irregularity or may be opened in the discretion of the court to let the defendant into a defence where there seems to be a good defence upon the merits of the case. The defect in the summons served upon the defendant, viz., that it directed the defendant to answer, in an action of assumpsit, a plaintiff who was an entirely different person in name from the person who was the plaintiff in the particular action, would seem to be a defect of a substantial and important character and be an irregularity which would not warrant the imposition of the penalty of a judgment for want of an appearance in favor of a plaintiff to whom the summons did not direct the defendant to make answer. To sustain a judgment for want of an appearance, assuming that we treat the statement of claim as the declaration required by the Act of 1836, this statement of claim should certainly be self-sustaining and comply with the terms of the act under which it is filed before it could be the basis for a judgment for want of an appearance as against the defendant.

In this instance, the suit in question was on a negotiable note alleged to be in the hands of the plaintiff, W. C. Cather, a holder thereof in due course and before maturity and upon which the defendant was the prior endorser. The Act of 1915 requires that the statement of claim filed shall be sworn to by the plaintiff or some other person having knowledge of the facts. In the statement filed, the affidavit attached thereto is verified by John P. Sipes, Esq., the attorney for the plaintiff. This affidavit fails to set forth that the affiant has any knowledge of the facts, but merely states that he makes the affidavit because of the facts so stated in the plaintiff's statement of claim appearing on the face of the promissory note, which is the subject of the suit, and because the facts stated in the plaintiff's statement of claim appear on the

face of the promissory note, which is the subject of the suit, and because his client resides beyond the jurisdiction of the court. We take it that neither of these reasons is sufficient to warrant the affiant in making the affidavit as to the allegations made in the statement of claim, which include others than those that appear merely from the presence of certain writings on the face of the instrument. The non-residence of the plaintiff is no excuse for the absence of his affidavit required by the act.

In view of irregularity in the summons and the defect in the statement, we are of the opinion that this judgment for want of an appearance should be stricken off. The plaintiff relied on Shenk *v.* Hacker, 3 Pa. Superior Ct. 439, to establish the proposition that the judgment entered by default will not be opened save for fraud, duress or mistake. A careful reading of this case clearly demonstrates that no such principle was decided. The reference by the court to fraud, duress or mistake was in relation to a possible defence against a written instrument or contract executed by the defendant, which defence would have to be based upon fraud, duress or mistake.

And now, March 21, 1927, rule issued in this proceeding is made absolute, and it is hereby ordered and directed that the judgment entered for want of an appearance be stricken off the records.