## C. VAN HORNE v. RUTH CLARK.

ERROR TO THE COURT OF COMMON PLEAS OF CRAWFORD COUNTY.

Argued May 1, 1889—Decided May 13, 1889.

(a) In an action of ejectment the plaintiff claimed under a sheriff's deed for the land in dispute sold as the property of the defendant's father, then deceased. The defendant claimed under a deed from her father, executed prior to the entry of the judgment on which the sheriff's sale to the plaintiff was made, the consideration expressed therein being nominal.

1. The defendant was a competent witness, notwithstanding the death of her grantor, to prove that the real consideration for the deed was her personal services rendered at the request of her father, under an express contract with him by which she was to be paid therefor.

2. Her deed offered in evidence described the tract conveyed by but three courses and distances, and, though by a different tract number, as containing the same number of acres as the land in dispute was described in the writ: such deed, with the testimony of witnesses identify the land conveyed with that in dispute, was properly admitted in evidence.

3. The defendant having testified that at the time the deed was made her father agreed to allow her $1.50 per week for her services in taking care of him and her mother, and that the deed was made in payment therefor, her testimony with that of other corroborating testimony was properly submitted to the jury.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 93 January Term 1889, Sup. Ct.; court below, No. 13 May Term 1887, C. P.

To the first Monday of March, 1887, C. Van Horne brought ejectment against Ruth Clark to recover a tract of land in Troy township, described as part of tract No. 1374, containing 33½ acres. Issue.

At the trial on June 1, 1888, before HENDERSON, P. J., it appeared that one William J. Clark had title to the property in dispute by deed dated January 11, 1845. On February 12, 1883, a decree was entered in a suit in equity by one Thomas Shontz, committee of John L. Pratt, against said William J. Clark, for $499. Judgment was entered on said decree, execution issued, and the land in dispute sold to C. Van Horne, the plaintiff in this suit, the sheriff's deed being duly acknowledged and delivered February 17, 1887. Wm. J. Clark had died in 1886.

At the conclusion of plaintiff's case, the defendant offered in evidence a deed from William J. Clark to Ruth Clark, dated April 27, 1881, and duly recorded, conveying for the consideration of $1, " all that certain piece of land, being part of tract No. 1379, in the town of Troy, county of Crawford and state of Pennsylvania," described by three courses and distances and as containing 33½ acres more or less.

Plaintiff objected to the admission of the deed for the reason that it did not describe, cover or convey the land described in the writ, which was a right angled tract of four courses, and part of tract 1374.

The defendant proposed to follow the offer with the testimony of witnesses that Wm. J. Clark owned no other tract of 33½ acres in said township, and to identify the land described in the deed and writ as the one on which Wm. J. Clark resided in his lifetime.

By the court: Offer admitted; exception.[5]

Testimony was then introduced identifying the land as proposed.

Ruth Clark, the defendant, was called in her own behalf, when her counsel offered to prove by her that she remained at home under a contract with her father that if she would stay with him and her mother and take care of them, he would pay her for her services, and that she did stay.

Plaintiff's counsel objected to the witness as not being competent to prove a contract with her father, now deceased, who is her grantor in this deed.

By the court: I do not think her disability goes to the land question. The thing in suit here is not a contract between her and the father, but about a piece of land. The chose in action is not the subject of this suit. The act of 1869, and subsequent amendments and revision in 1887, did not affect the conveyance of land, and witnesses are competent in these actions. We think the witness is competent to prove the consideration paid for this land; exception.[1]

The defendant then testified in substance that she was fifty years of age; that from the time she was twenty-one she had remained at home to take care of her father and mother; that she did the housework, sewing, etc.; that five or six years before her father died, he agreed to allow her $1.50 per week for her labor and made to her the deed for the farm in payment; that her father was not in debt, so far as she knew, except for a doctor's bill and a little to the church; that her father boarded and clothed her, and she did not know how much was coming to her, when the deed for the farm was made.

The defendant's sister and several other witnesses testified to the services rendered by the defendant for her father and mother and to declarations by her father that he intended to pay her therefor.

The court answered the plaintiff's points as follows:

1. That there is no sufficient evidence of valuable and full consideration between William J. Clark and Ruth Clark to support the validity of the deed from William J. Clark to Ruth Clark, as against the claim upon which T. J. Shontz, committee of John L. Pratt, recovered judgment against William J. Clark.

Answer: We have substantially, in the general charge, denied this point. There is evidence from which you might find that there was an express agreement between William J. Clark and his daughter, Ruth, under the terms of which she was to remain at home and work in the family, and receive compensation therefor. Whether her services were worth as much as the land was worth, is a question for you which you must determine under the evidence.[2]

2. That there is no sufficient evidence of mistake on the part of the scrivener to justify the admission of evidence to reform the deed from Wm. J. Clark to Ruth Clark.

Answer: For the purposes of this trial this point is denied.[3]

3. That under the law and evidence the verdict should be for the plaintiff.

Answer: This point is denied.[4]

The jury returned a verdict for the defendant. A rule for a new trial having been discharged, the plaintiff took this writ, assigning as error:

1. The admission of defendant's testimony.[1]

2–4. The answers to the plaintiff's points.[2 to 4]

5. The admission of defendant's offer of the deed.[5]

*Mr. Geo. F. Davenport,* for the plaintiff in error.

*Mr. Pearson Church,* for the defendant in error.

PER CURIAM:

We are unable to see any valid objection to the competency of Ruth Clark as a witness. It is true, she was the defendant in the ejectment, and her father, from whom she derived title, was dead. She was not called to testify against his title, but in support of it; or, to speak with greater accuracy, to prove the consideration she paid for the land. Neither party to the record is acting in a representative capacity. The plaintiff below was not prejudiced by the death of William J. Clark; if either party was prejudiced, it was the defendant. The case does not come within any of the exceptions of any of the acts of assembly relating to the competency of witnesses, nor do we think it comes within their spirit. The object of our various statutes upon this subject was to produce equality. As was said in Karns v. Tanner, 66 Pa. 297 : "Evidently it was the true purpose of the statute to close the mouth of him who is adversary to the deceased assignor." See Hess v. Gourley, 89 Pa. 195. The witness here was not within the mischief intended to be remedied, and is not therefore excluded by it. The remaining assignments do not require discussion. There was sufficient evidence of a valuable consideration for the deed to be submitted to the jury.

Judgment affirmed.