Oliver, Receiver, Appellant, *v.* Safe Deposit &
Title Guaranty Company.

Argued March 19, 1934. Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*E. O. Golden,* with him *A. E. Kountz* and *C. A. Fry,* of *Kountz & Fry,* for appellant.

*Harry A. Heilman,* with him *Ward McCullough,* for appellee.

OPINION BY MR. CHIEF JUSTICE FRAZER, June 30, 1934:

Plaintiff, receiver of the Globe Furniture Company, sued to recover from defendant sums of money received by the latter on three negotiable promissory notes dated March 2, 1926, for $3,000 each, on two similar notes of June 29, 1927, in the amount of $3,750 each, and on seven checks totaling $3,119.79; in all, the sum of $19,619.79, with interest. The case was tried by the court below without a jury. From the testimony submitted, the trial judge, in his findings of fact and conclusions of law, found plaintiff failed to show a situation warranting a recovery, and accordingly entered judgment for defendant. Plaintiff appeals from dismissal of its exceptions.

Defendant is a trust company organized under the laws of Pennsylvania, and carries on a general banking business in the Borough of Kittanning, Armstrong County. The notes in question were executed by the Globe Furniture Company through its treasurer, Benjamin Rosenthal, and were payable to David Rosenthal, father of Benjamin, who endorsed and delivered them to defendant in payment of his individual obligation to the bank. The checks, drawn on the Monongahela National Bank of Pittsburgh on various dates beginning October 8, 1927, and ending May 1, 1930, were also executed by the Globe Furniture Company, through its treasurer,

and were payable to the order of defendant. They were accepted by defendant and applied in payment of interest on the existing individual indebtedness to it of David Rosenthal. The Globe Furniture Company was incorporated in 1905 (the present name having been adopted in 1907), and was a close family corporation in which David Rosenthal was president and owner of one-half the capital stock, and his two sons, Jacob and Benjamin, were secretary and treasurer, respectively, and owners of the remaining stock in equal shares. Jacob Rosenthal died in February, 1929, and by the terms of his will his interest in the corporation passed to David Rosenthal, who also died in 1929, in the month of November. The Globe Furniture Company conducted a retail furniture and housefurnishing business in the City of Pittsburgh until July 9, 1930, when, by decree entered in the Court of Common Pleas of Allegheny County, plaintiff was appointed receiver of the company. The decree was amended October 28, 1930, by adding an adjudication of the company's insolvency on and after June 24, 1930.

The contention of plaintiff is that David Rosenthal occupied a fiduciary relation to Globe Furniture Company, being its president, that he unlawfully applied funds of the company in payment of his individual indebtedness to defendant bank, and that defendant knew or had reasonable cause to know that the money received by it from the various notes and checks in question represented funds of the furniture company. Plaintiff further contends the acceptance and collection of the notes and checks were wrongful and fraudulent acts of defendant, amounting to an illegal diversion of the funds of the furniture company, and that the acts of Benjamin Rosenthal and David Rosenthal in executing the instruments in question were ultra vires their company, and constituted unlawful pledging of the company credit and the unauthorized use of company funds for the benefit of defendant and of David Rosenthal. The court below, in a long and comprehensive opinion, discussed all

phases of the case and rejected plaintiff's contention. In affirming that result it is unnecessary to repeat what was so ably said by the learned judge of the court below, other than to indicate what appear to us to be the dominant features of the case.

Appellant relies upon the provisions of the Negotiable Instruments Law (1901 P. L. 202) relating to holders in due course, and upon section 5 of the Uniform Fiduciaries Act (1923 P. L. 468) as establishing the liability of defendant. The effect of sections 4, 5, and 6 of the Uniform Fiduciaries Act is "to bring cases involving fiduciaries into harmony with the principle intended to be laid down in the Negotiable Instruments Law, sec. 56": 9 Uniform Laws Annotated 152. Section 56 of the Negotiable Instruments Law provides: "To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith." Section 5 of the Uniform Fiduciaries Act states: "If a check or other bill of exchange is drawn by a fiduciary as such, or in the name of his principal by a fiduciary empowered to draw such instrument in the name of his principal, the payee is not bound to inquire whether the fiduciary is committing a breach of his obligation as fiduciary in drawing or delivering the instrument, and is not chargeable with notice that the fiduciary is committing a breach of his obligation as fiduciary unless he takes the instrument with actual knowledge of such breach or with knowledge of such facts that his action in taking the instrument amounts to bad faith. If, however, such instrument is payable to a personal creditor of the fiduciary and delivered to the creditor in payment of or as security for a personal debt of the fiduciary to the actual knowledge of the creditor, or is drawn and delivered in any transaction known by the payee to be for the personal benefit

of the fiduciary, the creditor or other payee is liable to the principal if the fiduciary in fact commits a breach of his obligation as fiduciary in drawing or delivering the instrument."

Disregarding the fact that Benjamin Rosenthal, the fiduciary who drew the instruments in question here, did not negotiate or transfer them in payment of his own personal debt, there are two apparent reasons preventing the section above quoted from assisting appellant. First, the lower court has found as a fact, which has the effect of a verdict of a jury, that defendant bank had no knowledge at the time either of the taking or of the payment of the notes that David Rosenthal was a stockholder, director, or officer of the Globe Furniture Company, or occupied any fiduciary relation to it. The Globe Furniture Company at no time had an account in defendant bank nor borrowed money from it, and neither Benjamin Rosenthal nor Jacob Rosenthal had accounts in the bank, borrowed money there, or was known to the officers or employees of that institution. It does not even appear in the evidence that defendant had knowledge of the family relationship existing between David Rosenthal and Benjamin Rosenthal, but even if such knowledge were shown, it would not indicate a business connection with or fiduciary relation to the furniture company on the part of David Rosenthal. These findings completely exonerate defendant from the allegation that it took the instruments in question knowing they were received from a fiduciary in payment of his personal debt, and we might well rest our decision on this ground alone. But, secondly, even if it be conceded that the names of the parties, the long course of dealing, and other factors, should have put defendant on warning of the character of the transactions, there is nothing to indicate that the payment of the funds of the Globe Furniture Company for the personal debt of David Rosenthal was a breach of the obligations of either Benjamin or David Rosenthal to the corporation of which

they were officers. There is no contention that Jacob Rosenthal, the only other stockholder not involved in these transactions, did not know and approve of the payments. There is no evidence that payment of the notes and checks in question affected the rights of creditors and we find nothing to indicate the furniture company was actually insolvent before June 24, 1930. Plaintiff's claim has never been presented on the basis of a transfer of funds in fraud of creditors, and such argument is not advanced now. "A solvent corporation may deal with its assets and dispose of them in any way it wishes, with the consent of its directors and stockholders, and creditors have no right to complain if the corporation is not thereby rendered insolvent": Sweet v. Lang, 14 F. (2d) 762, 766, and cases there cited.

In this view of the case it becomes unnecessary to discuss in detail the remaining assignments of error. One of the principal contentions of appellant is that the court below erred in receiving the testimony of Benjamin Rosenthal. His competency as a witness is objected to on the ground that he testified to events occurring during the lifetime of David Rosenthal, in contravention of section 5 of the Act of May 23, 1887, P. L. 158. The rule of exclusion contemplated by the act was not violated. Not only did the witness not have an interest adverse to the deceased party, but in addition he gave testimony favorable to the interest of decedent: Van Horne v. Clark, 126 Pa. 411; Gerz v. Weber, 151 Pa. 396; Edmundson's Estate, 259 Pa. 429. Benjamin Rosenthal was called by defendant and testified to the propriety and regularity of the transactions in question here. In our opinion plaintiff's case in itself was inadequate to warrant a recovery; hence it was immaterial to the ultimate result whether Benjamin was permitted to testify or not.

All assignments of error are overruled and the judgment of the court below is affirmed.